UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use and benefit of BCP MECHANICAL LLC, a California limited liability company,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDERSON BURTON CONSTRUCTION, INC., a California Corporation; WESTERN SURETY COMPANY, a South Dakota corporation,<br><br>    Defendants. | No. 2:20-cv-01401-TLN-KJN<br><br>**ORDER** |

This matter is before the Court on Plaintiff BCP Mechanical LLC's ("Plaintiff") Motion to Amend. (ECF No. 23.) Defendant Anderson Burton Construction, Inc. ("Defendant") filed an opposition (ECF No. 24), and Plaintiff filed a reply (ECF No. 26).[1] For the reasons set forth below, the Court GRANTS Plaintiff's motion.

///

///

///

---

[1] Defendant Western Surety Company did not join the opposition or file its own opposition.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises from a contractual agreement between the parties.  (ECF No. 3 at 22.)  Plaintiff filed the initial complaint on July 10, 2020, alleging claims for violation of the Miller Act, breach of contract, quantum meruit, and open book account.  (ECF No. 1.)  Plaintiff filed the instant motion to amend on December 10, 2021, seeking to add a fraud claim and an additional breach of contract claim.  (ECF No. 23.)

### II. STANDARD OF LAW

Granting or denying leave to amend a complaint rests in the sound discretion of the trial court.  *Swanson v. United States Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).  When the Court issues a pretrial scheduling order that establishes a timetable to amend the complaint, Federal Rule of Civil Procedure ("Rule") 16 governs any amendments to the complaint.  *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).  To allow for amendment under Rule 16, a plaintiff must show good cause for not having amended the complaint before the time specified in the pretrial scheduling order.  *Id.*  The good cause standard primarily considers the diligence of the party seeking the amendment.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  "Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  *Id.*  The focus of the inquiry is on the reasons why the moving party seeks to modify the complaint.  *Id.*  If the moving party was not diligent, then good cause cannot be shown and the inquiry should end.  *Id.*

Even if the good cause standard is met under Rule 16(b), the Court has the discretion to refuse amendment if it finds reasons to deny leave to amend under Rule 15(a).  *Johnson*, 975 F.2d at 610. Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave," and the "court should freely give leave when justice so requires."  The Ninth Circuit has considered five factors in determining whether leave to amend should be given: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint."  *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (citing *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)).

2

**III.   ANALYSIS**

    A.   Rule 16

Since the pretrial scheduling order requires Plaintiff to show good cause to amend at this stage, Plaintiff must first meet Rule 16's good cause standard. (ECF No. 3 at 2.)

Plaintiff asserts there is good cause to modify the scheduling order because it discovered the information supporting the new claims around September 22, 2021, after reviewing over 60,000 pages of documents Defendant produced during discovery. (ECF No. 23 at 5, 7.) Plaintiff filed the instant motion approximately two months later. (*Id.*) In opposition, Defendant does not address Plaintiff's diligence in any meaningful way, other than to argue that Plaintiff was aware of the back charges at issue as early as November 4, 2020. (ECF No. 24 at 4.) In reply, Plaintiff asserts that although it knew of the back charges earlier, it did not learn the back charges were fraudulent until reviewing voluminous amounts of discovery. (ECF No. 26 at 3.)

Based on the aforementioned arguments, albeit limited, before the Court, the Court finds Plaintiff was sufficiently diligent to satisfy Rule 16's good cause standard. *See Johnson*, 975 F.2d at 609.

    B.   Rule 15

Turning to Rule 15, Defendant opposes Plaintiff's motion based on three factors: (1) prejudice; (2) undue delay; (3) and futility. (ECF No. 24 at 4–7.) Defendant does not make any arguments about bad faith or whether Plaintiff previously amended the Complaint. The Court will address each of Defendant's arguments in turn.

        *i.   Prejudice*

Prejudice is the factor that weighs most heavily in the Court's analysis of whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Prejudice results when an amendment would unnecessarily increase costs or would diminish the opposing party's ability to respond to the amended pleading." *NSF Ry. Co. v. San Joaquin Valley R.R. Co.*, No. 1:08-cv-01086-AWI, 2011 WL 3328398, at *2 (E.D. Cal. Aug. 2, 2011) (citations omitted). Courts have found proposed amendments to be prejudicial when leave to amend is requested as a relevant discovery deadline nears or has already passed. *See, e.g.*, *Zivkovic v. S.*

*Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

Defendant argues "[t]he impending percipient and expert-discovery cut-off dates would cause great prejudice to [Defendant] should this [m]otion be granted." (ECF No. 24 at 5.) Since Defendant filed its opposition, however, the deadlines for discovery and dispositive motions have been continued. (ECF No. 28.) Because Defendant did not provide further arguments relating to prejudice, the continuance of these deadlines eliminates Defendant's concerns.

Accordingly, this factor weighs in favor of granting leave to amend.

### ii.     Undue Delay

In evaluating undue delay, the Court inquires "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990). However, "undue delay by itself . . . is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).

The Court has already addressed the parties' arguments about undue delay in the context of Plaintiff's diligence under Rule 16. For the same reasons articulated above, the Court concludes Plaintiff has not unduly delayed seeking leave to amend.

Therefore, this factor weighs in favor of granting leave to amend.

### iii.     Futility

A proposed amendment is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Denial of leave to amend on this ground is rare. *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). "Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Id.* Defendant argues the proposed fraud claim is futile because it is indistinct from the original breach of contract claim. (ECF No. 24 at 6.) A cause of action for breach of contract under California law has the following elements: (1) a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff. *Dougherty v.*

4

*Bank of Am., N.A.*, 177 F. Supp. 3d 1230, 1248 (E.D. Cal. 2016). In comparison, the elements of fraud include: 1) misrepresentation, 2) knowledge of falsity, 3) intent to defraud (induce reliance) and 4) justifiable reliance which 5) results in damage. *Robinson Helicopter Co. Inc. v. Dana Corp.*, 34 Cal. 4th 984, 990 (2004).

Plaintiff seeks to add the following allegations: (1) Defendant misrepresented that it would pay Plaintiff in full for its work and also misrepresented that Plaintiff owes Defendant over $2,000,000 for improper or defective work as well as work it allegedly failed to perform; (2) Defendant knew these representations were false because it was its pattern and practice to falsely claim inflated back charges, alleged schedule delays, and other disputed items to coerce subcontractors into settling; (3) Defendant intended to defraud Plaintiff to force Plaintiff to accept less than what is due and owing to it; (4) Plaintiff justifiably relied on Defendant's misrepresentations because Plaintiff had no reason to believe that Defendant would claim moneys were owed when they were not owed or are unrelated to any work Plaintiff performed for Defendant; and (5) Plaintiff was damaged because it, among other things, continued to perform work on other projects and agreed to allow another case to settle and be contingent upon the parties settling the instant case. (ECF No. 23 at 18–22.) These fraud allegations are sufficiently distinct from a breach of contract claim. Moreover, the Court cannot say that "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller*, 845 F.2d at 214.

In sum, the Court finds Plaintiff has met Rule 16's good cause standard. The Court also finds the Rule 15 factors weigh in favor of granting Plaintiff's motion because (1) such an amendment will not unduly prejudice Defendant, (2) there is no evidence Plaintiff acted in bad faith, (3) there is no undue delay, (4) the proposed amendments are not futile, and (5) this is Plaintiff's first amendment to the Complaint.

### IV. CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiff's Motion to Amend. (ECF No. 23.) Plaintiff shall file its amended complaint not later than thirty (30) days after the electronic filing date of this Order. Defendants' responsive pleading is due not later than twenty-one (21)

days after Plaintiff files the amended complaint.

IT IS SO ORDERED.

**DATED: June 21, 2022**

Troy L. Nunley
United States District Judge